# The MacKellar, Smiths & Jordan Company, Plff. in Err., *v.* Commonwealth of Pennsylvania.

Manufacturing corporations as to which, by the act of June 30, 1885, §§ 20, 21, the tax on capital stock, at the rate of one half mill for each per cent of dividend, imposed by the act of June 7, 1879, is repealed are, by the exception of "any taxes accrued under the laws repealed," subject to taxation under the act of 1879, from the beginning of the tax year 1885 (the first Monday in November, 1884), or from the date of their subsequent incorporation, until June 30, 1885.

In conformity with custom in the apportionment of taxes, the word "accrued" in the act of 1885 means "accruing;" and the sum of all the dividends declared during the tax year 1885, whether before or after June 30, is the basis for estimating the portion accrued upon June 30.

In the interpretation of a doubtful expression in a statute relating to taxation, that construction will, if possible, be given which will best accord with the general system of finances, and the custom created by their administration.

(Argued June 1, 1887. Decided October 3, 1887.)

May Term, 1887, No. 27, M. D., before GORDON, TRUNKEY, CLARK, GREEN, and STERRETT, JJ. Error to the Common Pleas of Dauphin County to review a judgment for the plaintiff in an appeal from the settlement of the Auditor General and State Treasurer. Affirmed.

---

Cited in Com. v. East Bangor Consol. Slate Co. 10 Pa. Co. Ct. 363.

The plaintiff in error and defendant below, the MacKellar, Smiths, & Jordan Company, was a corporation chartered February 18, 1885, for the manufacture and sale of printing types, electrotypes, wood engravings, and all kinds of printing materials and furnishings, as well as of all tools and machinery used in the manufacture of the same, and had been since its incorporation engaged in said manufacturing business.

The capital stock of said company was $630,000 composed of 6,300 shares of the par value of $100 each. On May 12, 1885, the company declared a dividend of 6 per cent upon said capital, and upon August 6, 1885, another dividend of 6 per cent, each amounting to $37,800.

Upon June 30, 1885, the governor approved the act of assembly entitled "A Further Supplement to an Act Entitled 'An Act to Provide Revenue by Taxation Approved June 7, 1879,'" P. L. 1885, p. 193.

This act provides: "Section 20. That the taxes laid upon manufacturing corporations, by and under the revenue laws of this commonwealth, be and the same are hereby abolished as to such corporations, and the laws, under which such taxes are laid and collected, be and the same are hereby repealed, so far, and so far only, as they apply to and affect manufacturing corporations; Provided, That the provisions of this act shall not apply to corporations engaged in the manufacture of malt, spirituous, or vinous liquors, or in the manufacture of gas; Provided, This act shall go into effect immediately, reserving and excepting unto the commonwealth the right to collect any taxes accrued under the laws repealed by this act.

"Section 21. All acts or parts of acts, inconsistent herewith, be and the same are hereby repealed."

The auditor general and state treasurer settled an account with the MacKellar, Smiths, & Jordan Company as follows:

For tax on capital stock, per act of June 7, 1879, from the first Monday of November, 1884, to June 30, 1885, as per report herewith filed.

Incorporated February 18, 1885.

Dividend, 12 per cent on capital stock, $630,000.

Tax, 6 mills for one year (½ mill for each 1 per cent of dividend), $3,780.

Tax for 4⅓ months, $1,365.

From this settlement the MacKellar, Smiths, & Jordan Company appealed to the common pleas of Dauphin county, and filed the following specification of objections:

1. The appellant is a manufacturing corporation; and the act of June 7, 1879, under which the tax mentioned in said account was claimed by the state, was repealed as to such corporations by § 20 of the act of June 30, 1885, P. L. 193.

2. By said account and settlement the commonwealth is claiming taxes upon a manufacturing corporation which had not accrued prior to the 30th day of June, 1885, and which were expressly abolished by § 20 of the act of June 30, 1885, P. L. 193.

3. By the return made by the said MacKellar, Smiths, & Jordan Company to the auditor general, it appeared that of the dividends declared by the said company, from its incorporation upon February 18, 1885, to the first Monday of November, 1885, one half, to wit, 6 per cent of the capital stock, was declared upon August 6, 1885, after the said act of June 30, 1885, had gone into effect; but the tax is, in the said account and settlement, assessed upon the capital stock at the rate of one half mill for each per cent of dividend, including the said dividend not declared until after the said act went into effect.

By agreement the case was tried by the court without a jury, and SIMONTON, P. J., filed the following opinion and findings of facts:

This cause was tried by the court without a jury, by agreement of the parties, under the act of April 22, 1874.

The facts are as follows:

First. Defendant is a manufacturing corporation, and was chartered February 18, 1885, with a capital of $630,000.

Second. During the tax year, 1885, defendant made dividends amounting to 12 per centum, *viz.*, one of 6 per cent, May 12, 1885, and another of like amount, August 6, 1885.

Third. The act of June 7, 1879, under which the tax is claimed in this case was repealed, with a reservation of the right to collect all accruing taxes, on June 30, 1885, as to manufacturing corporations.

Fourth. The settlement appealed from charges defendant with a tax upon its capital stock, measured by the amount of its dividends, only for the proportion of the tax year included

within the period from February 18, 1885, when it was incorporated, to June 30, 1885, the date of the repeal.

### Conclusions of Law.

1. The defendant was subject to taxation during the period of its existence, in which the act of June 7, 1879, was in force, and the settlement is therefore correct. Ebervale Coal Co. v. Com. 91 Pa. 47.

2. The amount due the commonwealth is as follows:

| | | |
|---|---:|---:|
| Amount of settlement | $1,365 | 00 |
| Interest at 12 per cent from March 31, 1886, to February 28, 1887 | 148 | 78 |
| Attorney general's commission, 5 per cent | 68 | 25 |
| Total | $1,582 | 03 |

For which sum judgment is to be entered for the commonwealth, unless exceptions be filed, according to law.

The defendant thereupon filed exceptions to the action of the court in reaching its conclusions of law, and overruling the defendant's several specifications of objection.

Upon which the court entered judgment as follows, overruling the exceptions:

"April 20, 1887. The exceptions to the findings and decision of the court are overruled, saving that the exception as to date from which interest is charged is sustained and the correct date is found to be May 31, 1886. Judgment is therefore ordered to be entered for the amount heretofore found due, less $27.30 interest overcharged by inadvertence."

The assignments of error specified the action of the court, in overruling the defendant's exceptions and in entering judgment for the plaintiff.

*John Marshall Gest* and *William P. Gest,* for plaintiff in error.—The act of June 30, 1885, repealed all laws taxing manufacturing corporations, and excepted from its operations only taxes that had accrued at that date. A tax that has accrued means a tax which the state at that time had a right to collect. Precisely speaking, "accrued" means something already due;

and "accruing" means something becoming due.   Com. v. Atlantic Ref. Co. 2 Pa. Co. Ct. 64.

"Accrue" is to be added or attached to something else in its generally received sense.   Johnson v. Humboldt Ins. Co. 91 Ill. 95, 33 Am. Rep. 47.

"Accrue," to be added.   Worcester; Bouvier, Law Dictionary.

The words "had accrued," in the section of the statute specifying what shall be deemed assets which shall go to the executor, signify rents that "had become due and payable" at the time of the testator's death.   Fay v. Holloran, 35 Barb. 295.

Where it was customary for the laborers on a road to receive payment on a certain day of each month for the whole of the previous month's work, held, that the claim did not accrue until the usual day of payment, and notice within thirty days thereafter was sufficient.   Mundt v. Sheboygan & F. du L. R. Co. 31 Wis. 452.

A cause of action accrues when the defendant's liability is complete, so as to render him liable to suit.   Kennedy v. Burrier, 36 Mo. 128.

A statute containing a saving clause of "all rights that had accrued" under former statutes was similarly construed in Ohio. The term "accrued" was held equivalent in its meaning to the word "vested," which necessarily implies that something has been imparted to or conferred upon a third person over which he may have the present right to future possession, of which he cannot be deprived without his assent.   It must be a right he can legally assert independent of any future condition of things as well as any subsequent change of the existing law.   Hartshorne v. Ross, 2 Disney (Ohio) 15.

An English act provided for the attachment of debts owing or accruing to the judgment debtor.   It was held that a salary could not be attached until it was actually payable, that is before pay day, although it might have been and in fact was previously earned.   Hall v. Pritchett, L. R. 3 Q. B. Div. 215.

In Skelton v. Mott, 5 Exch. 231, it was held that "accruing" meant debts ascertained and payable *in futuro*.

In Jones v. Thompson, 1 El. Bl. & El. 64, cited in Dresser v. Johns, 6 C. B. N. S. 434, it was held that where the words "accruing" and "owing" are used to designate two classes of debts, they can each receive a distinct meaning only by taking one as denoting debts which are not yet payable and the other

as denoting those which are; and a debt accruing was held to mean one *debitum in præsenti, solvendum in futuro.*

Ebervale Coal Co. v. Com. 91 Pa. 47, is not an authority; for the statute there (act March 20, 1877, P. L. 6) saved taxes accrued or accruing under former laws.

Even on the assumption that a tax accrues by reason of the declaration of a dividend and not on its legal assessment, the state cannot tax the plaintiff in error for a dividend which was declared long after the passage of the act of June 30, 1885.

The word "accrued" means, therefore, due and payable; "accruing" means due but not payable or, *debitum in præsenti, solvendum in futuro;* "accrued" applies to an ascertained debt, payment of which can presently be enforced; "accruing" applies to an ascertained debt, payment of which can only be enforced in the future. An overdue promissory note represents a debt accrued. A promissory note not yet due represents a debt accruing.

An examination of the taxing acts passed in previous years shows that the legislature carefully bore in mind this and other distinctions of language in the phrases employed. Some except in the repealing clause taxes "accrued," some taxes "accrued or accruing," some taxes "due and payable," some taxes "falling due and payable," "taxes now due," or "all unsettled accounts." See the following acts:

June 30, 1885, P. L. 199; April 24, 1885, § 1, P. L. 9; May 22, 1883, § 1, P. L. 39; June 10, 1881, § 6, P. L. 101; June 7, 1879, § 18, P. L. 121; March 20, 1877, § 8, P. L. 10; April 24, 1874, § 11, P. L. 72; April 4, 1874, § 18, P. L. 28; July 18, 1866, § 1, P. L. 1363; February 23, 1866, § 4, P. L. 83; Act April 12, 1859, P. L. 529.

If the legislature had not intended to make a distinction between taxes accrued and taxes accruing there was no sense in using both terms. Moreover, it will be seen that the acts are careful to save taxes "accrued or accruing," except in cases where they are desirous to benefit especially certain subjects of taxation. Thus the act of May 22, 1883, § 1, P. L. 39, exempts building associations and excepts only taxes accrued.

So the act of April 24, 1885, § 1, P. L. 9, releases foreign corporations from the heavy tax to which they were subjected and through which much capital had been driven from the state, saving only taxes accrued. In like manner the act of 1885,

under discussion, in order specially to benefit manufacturers, excepted only taxes which had already accrued.

The act of June 16, 1836, § 119, provided in case of sheriff's sales that the purchaser should be entitled to receive all rent accruing subsequently. The court held that rent accruing meant rent that became due after the sale, and that the defendant in the execution was therefore not entitled to an apportionment. Braddee v. Wiley, 10 Watts, 362.

If, therefore, accruing means due and payable there can be no further question on the subject; for the whole argument of the court below is based upon the assumption that accruing means not due and payable, but growing *de die in diem* and therefore apportionable.

The companies were required by law to report to the auditor general their condition on the first Monday of November; and then the tax is calculated on the basis of the dividends declared, which in the eye of the law measures its financial status. But there is no tax due and no tax accruing until that is done; and until the time fixed for performance has passed, the court can do nothing to enforce payment.

The court in its judgment has charged us with interest at 12 per cent on the amount found due, under the act of May 14, 1874, § 4, P. L. 175, Purdon's Digest, 1385.

But interest at this rate is in the nature of a penalty; and as the act did not reserve the right to the commonwealth to collect a penalty for nonpayment of taxes, interest cannot be charged in this way; but if the tax is due at all, only at the rate of 6 per cent. Com. v. Standard Oil Co. 101 Pa. 150; Easton Bank v. Com. 10 Pa. 451.

It does not appear to have been charged in Com. v. Atlantic Ref. Co. 2 Pa. Co. Ct. 62.

*John F. Sanderson,* Deputy Atty. Gen., and *W. S. Kirkpatrick,* Atty. Gen., for the commonwealth, defendant in error.—Several cases, involving the question here presented, have arisen in the common pleas of Dauphin county and were decided in favor of the commonwealth. Com. v. Atlantic Ref. Co. 2 Pa. Co. Ct. 62.

Precisely speaking "accrued" means something already due, and "accruing" means something becoming due. In common speech, however, the distinction is little regarded. The problem

always is to determine what thought the particular word was intended to express; and in most cases the decision must be made with the help of several facts, *viz.,* the precise or technical meaning of the word, if such exists, its usual or popular meaning if that be different, the context, the occasion, and the subject under discussion. Com. v. Atlantic Ref. Co. 2 Pa. Co. Ct. 62; Com. v. Fraim, 16 Pa. 163; Big Black Creek Improv. Co. v. Com. 94 Pa. 450; East Union Twp. v. Comrey, 100 Pa. 367.

Under our system of taxation, the custom of apportionment has grown up and become of much influence; and therefore decisions elsewhere and upon other subjects cannot be given their full weight. We have no statute directing or allowing the apportionment of taxes; but its manifest fairness has been fully recognized for many years, and has often been approved by the courts. Thus, the mileage rule has come to prevail in the case of transportation companies; and in the case of other corporations the principle of apportionment has had much effect in restricting the tax upon capital stock to such proportion thereof as represents the corporation's property within the state; and this, too, whether the corporation is foreign or domestic. Com. v. Atlantic Ref. Co. 2 Pa. Co. Ct. 62; Com. v. Standard Oil Co. 101 Pa. 119; Com. v. Pennsylvania Coal Co. 41 Phila. Leg. Int. 125; Com. v. Western U. Teleg. Co. 15 W. N. C. 331; Pullman's Palace Car Co. v. Com. 107 Pa. 156.

It has been applied also to portions of a year. Drexel v. Com. 46 Pa. 31; Com. v. Wyoming Valley Canal Co. 50 Pa. 410; Com. v. American Mach. Co. 2 Chester Co. Rep. 186.

The result has been that, while a corporation tax is still, in strictness, an annual payment ascertained at a fixed time and only then demandable, it is also regarded in Pennsylvania as an obligation distributed over the year, so to speak, and, therefore, not to be exacted in full for a fraction of that period. Com. v. Atlantic Ref. Co. 2 Pa. Co. Ct. 62.

The word "accrued" is ambiguous; it may have either of two meanings, one in accordance with this custom and the other a stricter meaning against the custom. In such circumstances the court will presume it to have been used by the legislature in the sense demanded by the practice long prevailing in the accounting departments. Com. v. Atlantic Ref. Co. 2 Pa. Co. Ct. 62.

If the expressions of an act of assembly are such as to leave its meaning in doubt, the court will be inclined to give it such a

construction as will best accord with the general system of fi-
nances. Com. *ex rel.* Bird v. Bacon, 8 Serg. & R. 135; Steven-
son v. Deal, 2 Pars. Sel. Eq. Cas. 217.

The clause of reservation continues the act of 1879, with all
its machinery for ascertaining the amount of tax to be paid;
and if this view is correct, it makes no difference whether the
dividends were declared before or after the passage of the act of
1885, or whether it was necessary to appraise the capital stock.
Until the tax year was ended, it could not be known which
method of ascertainment must be used; but when the method did
become known, the rule of apportionment at once applied. Com.
v. Atlantic Ref. Co. 2 Pa. Co. Ct. 62.

A tax may be considered as an obligation distributed over the
year; and a portion may be collected under an act of assembly
which is supplied by a succeeding act. Ebervale Coal Co. v.
Com. 91 Pa. 47.

For cases showing the effect to be given to the custom of the
accounting department see: Com. v. Standard Oil Co. 101 Pa.
130; Com. v. Delaware River Bridge Co. (Pa.) 9 Am. L. Reg.
298; Com. v. Pittsburgh & C. R. Co. 2 Pearson (Pa.) 389;
Pittsburg, Ft. W. & C. R. Co. v. Com. 66 Pa. 73, 5 Am. Rep.
344; Com. v. Northern C. R. Co. 2 Legal Opinion, 190; *Ex
parte* Campbell, L. R. 5 Ch. 703, and Com. v. Hartnett, 3 Gray,
450.

In answer to the comparison of various acts of assembly, made
by the plaintiff in error, it is enough to say that the uniform
practice of the auditor general's department has been to disre-
gard any supposed distinction arising from the use of the words
"accrued" and "accruing" in the various repealing clauses, and
to settle the account in accordance with the practice shown by the
present case, the case of Com. v. Atlantic Ref. Co. 2 Pa. Co. Ct.
62, and the other cases covered by the opinion therein.

PER CURIAM:

This case was properly disposed of in the court below; and as
we can add nothing of importance to what the learned judge has
said, we affirm it on his opinion.

Judgment affirmed.